UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

B.E. TECHNOLOGY, L.L.C.,

    Plaintiff,

v.

GOOGLE INC.,

    Defendant.

Civil Action No. 12-cv-02830 – JPM–tmp

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)
<u>AND FOR EXPEDITED HEARING</u>**

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................... 1

II.   BACKGROUND ............................................................................................................. 3

      A.   The Nature of This Case ...................................................................................... 3

      B.   The Locations of Witnesses and Evidence .......................................................... 3

           1.   All of Google's Relevant Witnesses and Documents are Located in
                the Northern District of California .............................................................. 3

           2.   Plaintiff's "Connection" to This Forum Appears to Have Been
                Manufactured Solely for the Purposes of this Litigation ........................... 4

           3.   Potential Third Party Witnesses and Documents are Located
                Primarily in the Northern District of California ........................................ 5

III.  APPLICABLE LAW ....................................................................................................... 6

IV.   ARGUMENT ................................................................................................................... 7

      A.   This Case Could Have Been Brought in the Northern District of California ........ 7

      B.   The Private Factors Favor Transfer to the Northern District of California ........... 8

           1.   The Location of Sources of Proof in California Favors Transfer .............. 8

           2.   Cost of Attendance for the Parties and the Convenience of
                Witnesses Favors Transfer ......................................................................... 9

           3.   Availability of Compulsory Process in California Favors Transfer ........ 10

           4.   No Practical Problems Favor this District over the Northern
                District of California ................................................................................ 11

      C.   The Public Factors Favor Transfer to the Northern District of California .......... 11

           1.   Court Congestion Does Not Weigh Against Transfer ............................. 11

           2.   The Northern District of California Has a Substantial Connection
                to, and Local Interest in, the Adjudication of this Case .......................... 12

      D.   Plaintiff's Choice of Venue Is Not Entitled Deference ...................................... 13

      E.   MDL Proceedings Should Not Be A Factor In This Transfer Motion ................ 13

V.    CONCLUSION .............................................................................................................. 15

60302142

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bennett v. Bed Bath and Beyond, Inc.*,
   No. C 11–02220, 2011 WL 3022126 (N.D. Cal. July 22, 2011) ............................................14

*Cherokee Export Co. v. Chrysler Int'l. Corp.*,
   No. 96-1745, 142 F.3d 432, 1998 WL 57279 (6th Cir. (Mich.), Feb. 2, 1998) ........................7

*Cont'l First Fed., Inc. v. Watson Quality Ford, Inc.*,
   No. 3:08–0954, 2010 WL 1836808 (M.D. Tenn., May 6, 2010) .............................................7

*In re Best Buy Co., Inc., California Song–Beverly Credit Card Act Litig.*,
   804 F. Supp. 3d 1376 ...............................................................................................................14

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ....................................................................................7, 8, 9, 12

*In re Hoffman-La Roche, Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) ....................................................................................2, 12, 13

*In re Microsoft Corp.*,
   630 F.3d 1361 (Fed. Cir. 2010) ..........................................................................................1, 13

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009) .............................................................................................8, 9

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010) ........................................................................................11, 13

*Just Intellectuals, PLLC v. Clorox Co.*,
   No. 10-12415, 2010 WL 5129014 (E.D. Mich., Dec. 10, 2010) ..................................8, 10, 12

*L&P Prop. Mgmt. Co. v. JTMD, LLC*,
   No. 06-13311, 2007 WL 295027 (E.D. Mich., Jan 29, 2007) ............................7, 8, 10, 12, 13

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
   523 U.S. 26 (1998) ...................................................................................................................14

*Moses v. Bus. Card Express, Inc.*,
   929 F.2d 1131 (6th Cir. 1991) ...............................................................................................6, 7

*Quality Gold, Inc. v. West*,
   No. 1:11-CV-891, 2012 WL 1883819 (S.D. Ohio, May 22, 2012) ..........................................7

60302142

*Returns Distribution Specialists, LLC v. Playtex Prods., Inc.*,
 No. 02-1195-T, 2003 WL 21244142 (W.D. Tenn., May 28, 2003) .................................6, 7, 9

*Stewart Org., Inc. v. Ricoh Corp.*,
 487 U.S. 22 (1988)..................................................................................................................6

*U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co.*,
 2011 WL 127852 (N.D. Ohio, Jan. 14, 2011)..................................................................12, 13

*Van Dusen v. Barrack*,
 376 U.S. 612 (1964)................................................................................................................6

*Winningham v. Biomet Orthopedics, LLC*,
 No. C 12–00503 JSW, 2012 WL 3860806 (N.D. Cal., Aug. 31, 2012) ............................13, 15

*Zimmer Enters., Inc. v. Atlandia Imps., Inc.*,
 478 F. Supp. 2d 983 (S.D. Ohio, 2007) ................................................................................10

**STATUTES**

28 U.S.C. § 1400......................................................................................................................7

28 U.S.C. § 1400(b)..................................................................................................................7

28 U.S.C. § 1404(a) .......................................................................................................1, 6, 14

**OTHER AUTHORITIES**

U.S. Patent No. 6,628,314.........................................................................................................3

U.S. Patent No. 6,771,290.........................................................................................................3

Defendant Google Inc. ("Google") respectfully moves this Court to transfer this case to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).

## I.     INTRODUCTION

The Western District of Tennessee has no interest in adjudicating this dispute, and neither defendant B.E. Technology, L.L.C ("B.E.") nor the operative set of facts in this case have any meaningful connection to this District. In contrast, compelling reasons support transferring this case to the Northern District of California.

First, the Northern District of California has direct, concrete, and extensive connections to this case, while the Western District of Tennessee has virtually none. B.E. was, up until recently, a company based out of Saginaw, Michigan, and appears to have registered to do business in the Western District of Tennessee just one day before initiating its litigations against 19 defendants in this District. Unsurprisingly, B.E.'s contacts with this District bear no relation to any of the facts relevant to this lawsuit. In addition, B.E.'s lead counsel is located in the Northern District of California. B.E's contacts with this District therefore are minimal and recent, and appear to have been manufactured solely for litigation purposes. Accordingly, B.E.'s choice of venue is entitled to no deference. *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2010) (courts should not "honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient").

Second, the Northern District of California is both uniquely connected to and clearly a more convenient venue for this litigation. Google is headquartered in the Northern District of California and is exclusively run and operated out of Mountain View, California. To the extent Google can surmise what products and services are accused of infringement, namely "a method of providing demographically targeted advertising" and "tablet computer products…include[ing]

Google Nexus products" such products and services have been developed and are operated out of Mountain View. As such, all witnesses, documents, and other relevant evidence about Google's accused products and services are located in the Northern District of California. Moreover, B.E. has asserted the patents at issue in this case against a total of 18 other defendants in this District, a majority of whom are located on the West Coast, and a large number of whom are also headquartered in the Northern District of California. Google is aware that other defendants are likely to move to transfer venue, and that a majority will likely request transfer to the Northern District of California. Also, a large number of third-party witnesses likely to have knowledge and documents relevant to invalidity reside in California.

Third, the Northern District of California possesses a unique, particularized local interest in passing judgment on the products and technology—the design and development of which occurred within its boundaries—now before this Court. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (finding a strong local interest where a case "calls into question the work and reputation of several individuals residing in or near that district.") By contrast, there is no unique local connection to Tennessee, as Google does not operate in Tennessee and until very recently, B.E. did not have any contacts with this District.

Given that the center of gravity of the accused activity is the Northern District of California, and given the comparative absence of relevant defendant witnesses or evidence in Tennessee, the public and private factors relevant to venue transfer strongly weigh in favor of transfer to the Northern District of California. Accordingly, Google's motion should be granted.

## II.     BACKGROUND

### A.     The Nature of This Case

B.E. filed this case on September 21, 2012, as part of a broad litigation campaign against a number of companies, including Google, Motorola Mobility Holdings LLC ("Motorola"), Amazon Digital Services, Inc., Facebook, Inc., LinkedIn Corp., Groupon, Inc., Pandora Media, Inc., Twitter, Inc., Barnes & Noble, Samsung Telecommunications America, LLC, Samsung Electronics America, Inc., Sony Computer Entertainment, Sony Mobile Communications, Sony Electronics, Inc., Microsoft Corp., Apple, Inc., Spark Networks, Inc., People Media, Inc., and Match.com L.L.C. (collectively, the "Defendants").[1]  B.E. accuses Google of infringing U.S. Patent No. 6,628,314 ("the '314 Patent") by allegedly "providing demographically targeted advertising," and further accuses Google of infringing U.S. Patent No. 6,771,290 ("the '290 Patent") by allegedly "offering to sell in the United States tablet computer products" including "Google Nexus products."  *See* Compl., Dkt. No. 1.  B.E. similarly accuses the other Defendants of infringing either or both of the '314 and '290 Patents.  Google's answer to B.E.'s Complaint is due December 31, 2012.

### B.     The Locations of Witnesses and Evidence

#### 1.     *All of Google's Relevant Witnesses and Documents are Located in the Northern District of California.*

The West Coast, and especially the Northern District of California, is the center of gravity of the accused activity for Google.  Google is a Delaware corporation with its headquarters in Mountain View, California, which is within the Northern District of California.  *See* Ex. A (Decl. of Abeer Dubey, "Dubey Decl.") at ¶ 2.  Google's management and primary

---

[1] Case Nos. 12-cv-02830, 12-cv-02866, 12-cv-02767, 12-cv-02769, 12-cv-02772, 12-cv-02781, 12-cv-02782, 12-cv-02783, 2:12-cv-02823, 12-cv-02824, 12-cv-02825, 2:12-cv-02826, 12-cv-02827, 12-cv-02828, 12-cv-02829, 12-cv-02831, 12-cv-02832, 12-cv-02833, and 12-cv-02834, respectively (collectively, the "B.E. Litigations").

research and development facilities are located in the Northern District of California. *See id*. at ¶¶ 4-5. Google employees most knowledgeable about the design, development and operation of its advertising applications and its tablet computer products – the accused Google applications and products in this case – are located in the Northern District of California. *See id*. at ¶ 4.

Google does not have any offices, facilities or employees in Tennessee. *See id*. at ¶ 6. Google is not aware of any documents related to the accused applications or products that are located in Tennessee. *See id*. Google is not aware of any employees who work in Tennessee with relevant knowledge concerning the accused applications or products, or any other aspect of the subject matter of this litigation. *See id*. No Google employees involved in the development or management of the accused applications and products work in Tennessee. *See id*. at ¶¶ 6-7.

In contrast to B.E.'s limited connections to this forum – which appear to have been manufactured solely for the purposes of filing this litigation – the foreseeable relevant defense witnesses and evidence related to the accused applications and products, including those whom Google anticipates including in their initial disclosures, are all located within the Northern District of California.

### 2. *Plaintiff's "Connection" to This Forum Appears to Have Been Manufactured Solely for the Purposes of this Litigation.*

B.E. is a Delaware corporation. *See* Compl. (Dkt. No. 1) at ¶ 2. B.E.'s patent filings list it as a Saginaw, Michigan-based company as recently as June 21, 2012. *See* Ex. B (Application No. 13/328,743). In fact, according to the Tennessee Secretary of State website, it was not until September 6, 2012 – *the day before* filing the first of its Litigations here – that Plaintiff even registered to do business in Tennessee. *See* Ex. C (B.E. Filing Information). Plaintiff does not offer any products for sale, and does not appear to even have an office in Memphis, which it now

4

alleges is its principal place of business.  Indeed, Plaintiff's counsel in this case is based in the Northern District of California.

### 3. *Potential Third Party Witnesses and Documents are Located Primarily in the Northern District of California.*

Other third party witnesses are located outside of Tennessee.  The attorney who filed and argued the applications for the patents-in-suit, James D. Stevens, is located in Troy, Michigan. *See* Ex. D (http://www.reising.com/attorneys.php?t=stevens).  Moreover, a substantial number of other third-party witnesses and documents knowledgeable about prior art to the '314 and '290 Patents also are located in California.  These, include, for example, the named inventors of at least the following patents:

- U.S. Patent No. 5,933,811, with inventors in Los Angeles and Redondo Beach, California (both in the Central District of California);

- U.S. Patent No. 6,128,663, with an inventor from Campbell, California (Northern District of California);

- U.S. Patent No. 6,134,532, with inventors from San Diego, California (Southern District of California);

- U.S. Patent No. 6,285,985, with an inventor from Cupertino, California (Northern District of California);

- U.S. Patent No. 6,285,987, with inventor from San Francisco, California (Northern District of California);

- U.S. Patent No. 5,740,549, with inventors in San Francisco and Cupertino, California (both in the Northern District of California);

- U.S. Patent No. 5,263,164 with a named inventor in Rocklin, California and assignee in Redwood City, California (in the Central and Northern Districts of California);

- U.S. Patent No. 5,696,965 whose named inventor is in Hillsboro, Oregon and assignee in Santa Clara, California (Northern District of California);

- U.S. Patent No. 5,794,210 with inventors and assignee in Berkeley, California (Northern District of California);

5

- U.S. Patent No. 5,710,884, with inventor from Hillsboro, Oregon and assignee in Santa Clara, California (Northern District of California); and

- U.S. Patent No. 5,717,923, with inventors in Hillsboro, Oregon and assignee in Santa Clara, California (Northern District of California).

Each of these patents may be prior art to the '314 and '290 Patents pursuant to 35 U.S.C. § 102(e). In connection with establishing that the technology disclosed in these patents is, in fact, prior art to the '314 and '290 Patents, Google expects to subpoena at least the inventors and/or assignees of the patents for documents, and seek their testimony, as part of its invalidity defense.

### III.    APPLICABLE LAW

Pursuant to 28 U.S.C. § 1404(a), for the "convenience of the parties and witnesses" and "in the interest of justice," a court may transfer a civil action to any judicial district in which it could have been brought. 28 U.S.C. § 1404(a); *see Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The Supreme Court of the United States has noted that Section 1404(a) is intended to give the district court discretion to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Returns Distribution Specialists, LLC v. Playtex Prods., Inc*., No. 02-1195-T, 2003 WL 21244142, at *6 (W.D. Tenn., May 28, 2003) (noting that a district court has "broad discretion under section 1404(a) when determining whether to transfer a case") (citation omitted).

In the Sixth Circuit, the "threshold" determination for the district court under Section 1404(a) is whether the claims could have been brought in the proposed transferee district. *Returns Distribution Specialists,* 2003 WL 21244142, at *6. The district court must then consider the convenience of the parties and witnesses in both forums, balancing several private

and public interest factors. *Moses v. Bus. Card Exp., Inc*., 929 F.2d at 1138; *Cont'l First Fed., Inc. v. Watson Quality Ford, Inc.*, No. 3:08–0954, 2010 WL 1836808 (M.D. Tenn., May 6, 2010).

The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial [of a case] easy, expeditious and inexpensive." *Quality Gold, Inc. v. West*, No. 1:11-CV-891, 2012 WL 1883819, at *2 (S.D. Ohio, May 22, 2012) (citing *In re Genentech, Inc*., 566 F.3d 1338, 1342 (Fed. Cir. 2009); *see also Cherokee Export Co. v. Chrysler Int'l. Corp.*, No. 96-1745, 142 F.3d 432, 1998 WL 57279, at *3 (6th Cir. (Mich.), Feb. 2, 1998). The public interest factors include "(1) the administrative difficulties flowing from court congestion; [and] (2) the localized interest in having localized interests decided at home." *Id*. Notably, while a plaintiff's choice of venue is generally entitled to "some deference, it is not sacrosanct, and will not defeat a well-founded motion for change of venue." *L&P Prop. Mgmt. Co. v. JTMD, LLC*, No. 06-13311, 2007 WL 295027, at *3 (E.D. Mich., Jan 29, 2007) (internal citation omitted); *Returns Distribution Specialists,* 2003 WL 21244142, at *9 (ordering transfer where "the overwhelming inconvenience to the witnesses outweighs the Plaintiff's interest in choosing their own forum.").

## IV.  ARGUMENT

### A.  This Case Could Have Been Brought in the Northern District of California.

Pursuant to 28 U.S.C. § 1400, a patent infringement action may be brought in the district where the defendant resides. 28 U.S.C. § 1400(b). A corporate defendant "resides" in any district in which it is subject to personal jurisdiction at the time the suit is filed. 28 U.S.C. § 1391(c). Google's corporate headquarters and operations are located in the Northern District of California. *See* Dubey Decl. ¶ 2. Accordingly, personal jurisdiction exists and venue is

7

proper in the Northern District of California. Consequently, Plaintiff could have properly sued Google for patent infringement in this district.

### B. The Private Factors Favor Transfer to the Northern District of California.

#### 1. *The Location of Sources of Proof in California Favors Transfer.*

The first private interest factor is the relative ease of access to sources of proof, which takes into consideration the location of documents and physical evidence. *Just Intellectuals, PLLC v. Clorox Co.*, No. 10-12415, 2010 WL 5129014, at *4 (E.D. Mich., Dec. 10, 2010). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (citing *In re Genentech*, 566 F.3d at 1345 (Fed. Cir. 2009)). Thus, the location of an alleged infringer's research and development-related documents and evidence is an important factor to consider. *See Nintendo*, 589 F.3d at 1199; *L&P Prop. Mgmt. Co.*, 2007 WL 295027, at *4.

Here, the vast majority of potentially relevant documents related to the research, design, development and sales of any of the potentially implicated instrumentalities and products is located in the Northern District of California. *See* Dubey Decl. at ¶¶ 4-5. In contrast, no relevant documents or other evidence are physically located in Tennessee. *See id*. at ¶¶ 6-7. Thus, all of the physical and documentary evidence relevant to the issues of infringement, invalidity, and damages will be found in California. *See id*. at ¶¶ 4-5. This factor weighs heavily in favor of a transfer to the Northern District of California. *L&P Prop. Mgmt. Co.*, 2007 WL 295027, at *5 (finding this factor weighed in favor of transfer where "[a]ll of Defendants' documents are located at their headquarters in [the transferee district]… [and] Plaintiffs have not identified any sources of evidence … that exist in [the transferring district]"); *Just Intellectuals*, 2010 WL 5129014, at *4 (same).

8

### 2. *Cost of Attendance for the Parties and the Convenience of Witnesses Favors Transfer.*

The cost of attendance for and convenience of the witnesses "is probably the single most important factor in transfer analysis." *In re Genentech*, 566 F.3d 1338, 1343; *see also Returns Distribution Specialists*, 2003 WL 21244142, at *8. "Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Nintendo*, 589 F.3d at 1199 (citing *In re TS Tech*, 551 F.3d at 1320). Simply put, it is more convenient for witnesses to testify at home. The proposed venue does not need to be more convenient for all of the witnesses. Instead, this factor favors transfer when a substantial number of material witnesses reside in the transferee venue. *See In re Genentech*, 566 F.3d at 1345. Additionally, this factor favors transfer where witnesses likely to be called at trial are important to the operation of defendant's business. *Returns Distribution Specialists*, 2003 WL 21244142, at *7 (noting that "[i]t would be difficult for Defendants to operate their businesses if their employees were required to be in Tennessee during the trial of this matter.")

Based on Google's current understanding of B.E.'s allegations, the vast majority of the relevant engineers and employees work and/or reside in the Northern District of California, and none are located in Tennessee. *See* Dubey Decl. ¶¶ 4-5. Memphis, Tennessee is over 1,700 miles from the Northern District of California, and travel there would impose a significant inconvenience for Google's witnesses. Moreover, the Google employees who are likely to serve as trial witnesses are a core group of employees, whose absence would adversely affect Google's operations. In addition, the relevant third party witnesses, including inventors and assignees of relevant prior art, are all located in the Northern District of California or on the West Coast, and

9

travel to Memphis would be similarly inconvenient for them. *See* infra § B.3. Because an overwhelming majority of the parties' witnesses live over 1,700 miles from Memphis, Tennessee, transfer is strongly favored. *See*, *e.g.*, *L&P Prop. Mgmt. Co.*, 2007 WL 295027, at *5 (finding this factor weighed heavily in favor of transfer where all of defendants' witnesses were located outside the transferring district and plaintiff had not identified any witnesses who resided in the transferring district).

### 3. *Availability of Compulsory Process in California Favors Transfer.*

Another private interest factor to consider is the Court's ability to compel non-party witnesses to attend trial. *Id.* Non-party witnesses potentially critical to the claims and defenses in this case reside in and are subject to compulsory process only in the Northern District of California. Specifically, numerous inventors and assignees of relevant prior art are located in the Northern District of California. For its invalidity defense, Google will need to subpoena these third parties for documents and depositions. In addition, some of these third parties may become key witnesses for Google's defense at trial.

Thus, if this case remains in Tennessee, Google will be unable to compel any of the aforementioned witnesses, whose testimony is potentially critical to Google's defenses. However, Google can compel these witnesses to appear at trial in the Northern District of California. Accordingly, this factor weighs in favor of transfer. *See*, *e.g.*, *Zimmer Enters., Inc. v. Atlandia Imps., Inc.*, 478 F. Supp. 2d 983, 993 (S.D. Ohio, 2007) (ordering transfer in part in order to ensure the availability of process for a key witness); *Just Intellectuals*, 2010 WL 5129014, at *4 (finding this factor weighed in favor of transfer where "non-party witnesses likely reside in … some… are outside of the [transferring district.]").

       **4.**    *No Practical Problems Favor this District over the Northern District of California.*

This case is analogous to *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) where the Federal Circuit held that the existence of a co-pending litigation in this District with a single overlapping patent, different products, and the lack of any defendant common to both cases was insufficient to overcome the other convenience considerations given the "significantly different discovery, evidence, proceedings, and trial" for the cases. B.E. chose to file suit against nineteen different defendants headquartered in various jurisdictions throughout the United States, a majority of which are located on the west coast. However, simply because B.E. filed these cases in this District does not weigh in favor of mandating that all defendants stay in this District. The Court should consider the facts specific to the parties in this case, namely Google and B.E. Google is headquartered in and run and operated out of the Northern District of California. B.E. has few, if any, substantial contacts to this District. This case should proceed in the forum that, on balance, is the most convenient for the parties in this case: the Northern District of California.

    **C.**    **The Public Factors Favor Transfer to the Northern District of California.**

       **1.**    *Court Congestion does not Weigh Against Transfer.*

While cases in the Northern District of California may take longer to reach resolution than those in this District, such a fact does not weigh against transfer. In 2011, the median time to trial for a civil case was 34.3 months in the Northern District of California, and 22.6 months in the Western District of Tennessee. *See* Ex. E (Judicial Caseload Profiles). However, the average docket of pending cases per judge in the same year was higher in the Western District of Tennessee (499) than it was in the Northern District of California (475), and the average life span of a case from filing to disposition was around three months longer in this District than in

11

the Northern District of California. *Id.* Accordingly, this factor is neutral. *See*, *e.g.*, *U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co.*, 2011 WL 127852, at *7 (N.D. Ohio, Jan. 14, 2011) (finding that where the median time to trial was shorter, but the average docket of pending cases per judge and the average life span of a case was longer in the transferring district, the "facts favor neither transfer nor retention").

### 2. *The Northern District of California Has a Substantial Connection to, and Local Interest in, the Adjudication of this Case.*

The Northern District of California has significant connections to the events that gave rise to a suit. *See In re Genentech*, 566 F.3d at 1347. There is no unique local connection to the Western District of Tennessee, as Google does not operate in Tennessee and until very recently, B.E. did not have any contacts with this District. *See* infra § B. 1, B.2. By contrast, the Northern District of California has a very strong interest in this case because it is home to Google, along with the relevant Google witnesses and evidence. *See* infra at §B.1. Accordingly, it is clearly the center of gravity of the accused activity and the district in which the litigation should proceed. *See Just Intellectuals*, 2010 WL 5129014, at *5 (ordering transfer and noting the "fundamental principle…that the litigation should proceed in the district where the case finds its center of gravity."); *L&P Prop. Mgmt. Co.*, 2007 WL 295027, at * 2 ("center of gravity" is located in the state with Defendants' operations). Further, the Northern District of California has a strong local interest in this case because the conduct of companies, employees, and third parties located in the district has been called into question, and is asserted to give rise to liability. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) ("the [destination venue's] local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district.")

Since the Northern District of California has a more substantial connection to, and local interest in, this case, this factor weighs strongly in favor of transfer.

### D.  Plaintiff's Choice of Venue Is Not Entitled Deference.

Where, as here, the plaintiff's presence in the district "appears to be recent, ephemeral, and an artifact of litigation," plaintiff's choice of forum is entitled to no deference. *In re Zimmer Holdings*, 609 F.3d 1378, 1381 (Fed. Cir. 2010); *see also In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2010) (plaintiff's incorporation in the forum state 16 days before filing suit was "no more meaningful, and no less in anticipation of litigation" than other rejected reasons against transfer); *In re Hoffmann-La Roches Inc*, 587 F.3d at 1336-37 (plaintiff's conversion and transfer of 75,000 pages of documents to plaintiff's choice of forum is a "fiction which appears to be have been created to manipulate the propriety of venue"). This is "especially true where a plaintiff has little or no connection to the chosen forum." *L&P Prop. Mgmt. Co.*, 2007 WL 295027, at *6 (internal citation omitted). Accordingly, because B.E.'s contacts to this district are minimal and unrelated to this action, its choice of venue should be disregarded. *See*, *e.g.*, *id.* (ordering transfer where plaintiffs' contacts with the transferring district were "not related to th[e] action"); *U.S. ex rel. Kairos Scientia, Inc.*, 2011 WL 127852, at *2 (ordering transfer where "the vast majority of the operative facts giving rise to the lawsuit took place outside of [plaintiff's chosen venue]").

### E.  MDL Proceedings Should Not Be A Factor In This Transfer Motion.

Whether this case is ultimately subjected to MDL action should not be a consideration in this motion to transfer venue. *Winningham v. Biomet Orthopedics, LLC*, No. C 12–00503 JSW, 2012 WL 3860806, *3 (N.D. Cal., Aug. 31, 2012) (pendency of plaintiff's motion to transfer cases to MDL "[h]as [n]o [b]earing on Defendant's [m]otion to [t]ransfer [v]enue"). B.E. has filed 18 other cases on the same patents at issue here against 18 other defendants, a majority of

13

whom are located on the West Coast and a large number of whom are headquartered in the Northern District of California.  Google understands that several other defendants are likely to move to transfer venue, and that a majority of those defendants will likely request transfer to the Northern District of California.  However, there is a possibility that not all 18 defendants will seek a transfer of venue, and that, even among those that do, not all will seek to transfer venue to the Northern District of California.  Accordingly, because the cases involve the same patents and likely the same or related accused products, there is a possibility that these cases may be subject to MDL proceedings.  Regardless, whether this case is ultimately subjected to MDL and where the MDL will be located is a decision for the MDL panel.  In fact, a determination of this motion should occur prior to the resolution of a possible MDL motion because it would "aid the [MDL] Panel in its decision on whether to treat the […] actions as an MDL."  *See Bennett v. Bed Bath and Beyond, Inc.*, No. C 11–02220, 2011 WL 3022126, at *2 (N.D. Cal. July 22, 2011) (granting motion to transfer pursuant to § 1404(a) despite pending MDL motion); *see also In re Best Buy Co., Inc., California Song–Beverly Credit Card Act Litig.*, 804 F. Supp. 3d 1376, 1378 (J.P.M.L. 2011) (transfer under § 1404(a) should be decided before the MDL Motion because "centralization under § 1407 should be the last solution after considered review of all other options" including seeking transfer under § 1404(a)).  Moreover, even if an MDL transfer should occur, that transfer would affect pretrial proceedings only, and would have no bearing on the ultimate trial location. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 28 (1998).

     Here, trial venue is clearly improper in the Western District of Tennessee, regardless of whether an MDL transfer takes place, an eventuality which is far from certain.  Accordingly, this "[case should proceed in] the <u>current</u> proper forum, and the forum where the case should return

for trial should it be remanded following possible MDL proceedings." *See Winningham,* 2012 WL 3860806, at *3 (granting transfer to the district where trial should proceed despite possibility of MDL transfer to a different venue) (emphasis added). That forum is the Northern District of California.

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully move the Court to transfer this case to the Northern District of California. When all of the relevant factors are weighed and balanced, that forum is clearly the most convenient.

Respectfully submitted,

s/Glen G. Reid, Jr.
Glen G. Reid, Jr. (#8184)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Phone: 901.537.1000
Facsimile: 901.537.1010
greid@wyattfirm.com

Of counsel:

A. John P. Mancini, *pro hac pending*
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
(212) 506-2500
jmancini@mayerbrown.com

s/Mark Vorder-Bruegge, Jr.
Mark Vorder-Bruegge, Jr. (#06389)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Phone: 901.537.1000
Facsimile: 901.537.1010
mvorder-bruegge@wyattfirm.com

Brian A. Rosenthal, *pro hac pending*
Ann Marie Duffy, *pro hac pending*
MAYER BROWN, LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000
brosenthal@mayerbrown.com
aduffy@mayerbrown.com

*Attorneys for Defendant*

*Attorneys for Defendant*