IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. Technology, L.L.C. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Google Inc. )<br>)<br>Defendant. )<br>) | Civil Action No. 12-cv-02830-JMP-tmp |

DEFENDANT GOOGLE INC.'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google") moves for judgment on the pleadings as to the Complaint of Plaintiff B.E. Technology, L.L.C. ("B.E. Tech."). The Federal Circuit has affirmed the invalidity of the asserted patent claims, and therefore the Court should enter judgment against B.E. Tech.

On September 21, 2012, B.E. Tech. filed this action against Google alleging infringement of United States Patent No. 6,628,314 ("the '314 Patent") and United States Patent No. 6,771,290 ("the '290 Patent") ("the Action"). B.E. Tech. asserted claims 11, 12, 13, 15, 18, and 20 of the '314 Patent and claims 2-3 of the '290 Patent in infringement contentions it served on January 7, 2013. *See* Ex. A (relevant excerpt of B.E. Tech.'s Infringement Contentions). This Action was stayed on December 6, 2013, pending *inter partes* review of the '314 and '290 Patents (ECF No. 72).

In March and April 2015, the PTAB issued Final Written Decisions invalidating claims 11-22 of the '314 Patent, which included asserted claims 11, 12, 13, 15, 18, and 20, and all

claims of the '290 Patent, which included asserted claims 2 and 3. *See Google, Inc. v. B.E. Tech., LLC*, Nos. IPR2014-00038, IPR2014-0069, 2015 WL 1735099, at *1 (PTAB Mar. 31, 2015) ('314 Patent); *Microsoft Corp. v. B.E. Tech., LLC*, Nos. IPR2014-00039, IPR2014-00738, 2015 WL 1735100, at *1 (PTAB Mar. 31, 2015) ('314 Patent); *Facebook, Inc. v. B.E. Tech., LLC*, Nos. IPR2014-00052; IPR2014-00053, IPR2014-00698, IPR2014-00743, IPR2014-00744, 2015 WL 1735098, at *2 (PTAB Mar. 31, 2015) ('314 Patent); *see Google, Inc. v. B.E. Tech., LLC*, Nos. 2014-00031, IPR2014-00033, 2015 WL 1570822, at *14 (PTAB Apr. 6, 2015) ('290 Patent); *Microsoft Corp. v. B.E. Tech., LLC*, No. IPR2014-00040, 2015 WL 1570824, at *15 (PTAB Apr. 6, 2015) ('290 Patent); *Samsung Elecs. Am., Inc. v. B.E. Tech., LLC*, No. IPR2014-00044, 2015 WL 1570825, at *10 (PTAB Apr. 6, 2015) ('290 patent); *Sony Mobile Commc'ns (USA) Inc. v. B.E. Tech., LLC*, No. IPR2014-00029, 2015 WL 1570821, at *10 (PTAB Apr. 6, 2015) ('290 Patent).

B.E. Tech. appealed the PTAB's rulings to the U.S. Court of Appeals for the Federal Circuit. On August 12, 2016, the Federal Circuit affirmed the PTAB's invalidation of all claims of the '290 Patent. *See B.E. Tech., L.L.C. v. Sony Mobile Commc'ns (USA) Inc.*, 657 F. App'x 982 (Fed. Cir. 2016). On November 17, 2016, the Federal Circuit similarly affirmed the PTAB's invalidation of claims 11-22 of the '314 Patent. *See B.E. Tech., L.L.C. v. Google, Inc.*, No. 2015-1827, 2016 WL 6803057 (Fed. Cir. Nov. 17, 2016).

Following the Federal Circuit decisions, there were numerous attempts by counsel for various defendants in the related actions by B.E. Tech. in this Court, over a period exceeding five months, to obtain B.E. Tech.'s stipulation to an appropriate form of dismissal. B.E. Tech. did not respond to any telephone or email communication from Google's counsel specifically, nor

did the group effort to resolve the issue succeed. Google is therefore forced to present this issue to the Court for resolution.

B.E. Tech. had a full and fair opportunity to litigate the validity of the asserted patents before the PTAB and the Federal Circuit. Now that the Federal Circuit has affirmed that the claims asserted by B.E. Tech. are invalid, B.E. Tech. is collaterally estopped from maintaining its claims of infringement of the '314 and '290 Patents against Google. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Foundation,* 402 U.S. 313, 333 (1971) (holding that once a patent is found to be invalid, the patentee cannot assert its validity); *see also Soverain Software v. Victoria's Secret Direct Brand Mgmt,* 778 F.3d 1311, 1320 (Fed. Cir. 2015); *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577, 1581 (Fed. Cir. 1991) ("[Finch] insinuates that res judicata requires a final judgment on the merits of *every* claim to be precluded, ignoring the well-settled legal rule…that res judicata also bars claims which *could* have been litigated.")*; Simple Air, Inc. v. Google Inc.,* 204 F. Supp. 3d 908, 915 (E.D. Tex. 2016) (where patentee made strategic choice of which patent claims to assert in earlier (unsuccessful) case, principles of finality for that earlier claim precluded later case with a claim that could have been asserted originally).

Accordingly, all claims B.E. Tech. raised or could have raised in the Action should be dismissed with prejudice and Google should be awarded its costs. *See id*.; *see also Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:06-cv-1105, 2015 WL 1470710, at *4, *9 (M.D. Pa. Mar. 31, 2015) (dismissing claims with prejudice following a finding of invalidity in *inter partes* review proceedings); *Kimberly-Clark Worldwide Inc. v. First Quality Baby Prods. LLC*, No. 14-cv- 1466, 2017 WL 481434, at *3 (E.D. Wis. Jan. 17, 2017) (same); *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (affirming district court's dismissal of

claims with prejudice following invalidating *inter partes* review proceedings); Fed. R. Civ. P. 54(d).

It is apparent from B.E. Tech.'s filings in some of the other related cases that it contends these cases should be dismissed as moot and relies on *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) for support. However, on remand in that case, the district court dismissed the patentee's claims with prejudice. *See Fresenius Med. Care Hldgs., Inc. v. Baxter Int'l, Inc.*, No. 4:03-cv-01431, Dkt. No. 1162 (N.D. Cal. Jan. 22, 2014). Other courts faced with similar circumstances have likewise dismissed claims with prejudice. *See, e.g., Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 15-cv-173, 2016 WL 1546465, at *3 (M.D. Fla. Apr. 15, 2016) (following invalidation of claims by another district court under Section 101, declining plaintiff's request to dismiss claims as moot and granting judgment on pleadings in favor of defendant).

For the reasons articulated herein, Google requests the Court enter an order with the following provisions:

(1) Judgment is entered in favor of Google as to BE Technology, LLC's claims pursuant to Federal Rule of Civil Procedure 12(c);

(2) All claims BE Technology, LLC raised or could have raised in the Action are dismissed with prejudice; and

(3) Google is awarded its costs under Federal Rule of Civil Procedure 54(d).

| Of counsel: | Respectfully submitted, |
|---|---|
| A. John P. Mancini<br>MAYER BROWN LLP<br>1675 Broadway<br>New York, NY 10019-5820<br>(212) 506-2500<br>jmancini@mayerbrown.com<br>Ann Marie Duffy<br>MAYER BROWN, LLP<br>1999 K Street, NW<br>Washington, DC 20006<br>(202) 263-3000<br>aduffy@mayerbrown.com<br><br>*Attorneys for Defendant* | s/Mark Vorder-Bruegge, Jr.<br>Mark Vorder-Bruegge, Jr. (#06389)<br>Glen G. Reid, Jr. (#8184)<br>WYATT, TARRANT & COMBS, LLP<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120-4367<br>Phone: (901) 537.1000<br>Facsimile: (901) 537.1010<br>mvorder-bruegge@wyattfirm.com<br>greid@wyattfirm.com<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

s/Mark Vorder-Bruegge, Jr.
Mark Vorder-Bruegge, Jr.

61618914.1