# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

B.E. TECHNOLOGY, L.L.C.,                )
                                        )
                          Plaintiff,    )
                                        )          Civil Action No. 2:12-cv-2830-JPM-tmp
          v.                            )
                                        )          Hon. Jon Phipps McCalla
GOOGLE INC.,                            )
                                        )
                          Defendant.    )
                                        )
                                        )
                                        )

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## GOOGLE INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff B.E. Technology, L.L.C. ("B.E.") respectfully submits this opposition to defendant Google Inc.'s ("Google") motion for judgment on the pleadings.

1.      B.E. filed this action against Google on September 21, 2012, alleging infringement of U.S. Patent No. 6,628,314 (the "'314 patent") and U.S. Patent No. 6,771,290 (the "'290 patent"). ECF No. 1. On December 31, 2012, Google filed its answer and affirmative defenses. ECF No. 25. In October 2013, Google and defendants in related cases filed petitions for *inter partes* review of claims 11-22 of the '314 patent and claims 1-3 of the '290 patent. On December 6, 2013, this action was stayed pending the outcome of those proceedings. ECF No. 63.

2.      The United States Patent Trial and Appeal Board issued three Final Written Decisions determining that claims 11-22 of the '314 patent are unpatentable and four Final Written Decisions determining that claims 1-3 of the '290 patent are unpatentable. The United

States Court of Appeals for the Federal Circuit issued an Opinion affirming the decisions

regarding the '290 patent, and an Opinion affirming-in-part and dismissing-in-part the decisions

regarding the '314 patent.  Mandate issued on September 19, 2016 regarding the '290 patent and

on January 13, 2017 regarding the '314 patent.[1]

      3.      Google seeks the entry of judgment, dismissal of B.E.'s claims with prejudice,

and an award of costs under Fed. R. Civ. P. 54(d).  ECF No. 74-1 at 4.

      4.      Following the cancellation of the asserted claims of the '314 and '290 patents, no

case or controversy remains.  The Court therefore lacks jurisdiction to grant the relief requested

by Google, or to adjudicate the former merits of the case in any other manner.  The proper

disposition is dismissal of B.E.'s claims as moot.  "'[A] case is moot when the issues presented

are no longer live or the parties lack a legally cognizable interest in the outcome.'"  *City of Erie

v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625,

631 (1979)).  "The jurisdictional doctrine of mootness derives from Article III section 2 of the

U.S. Constitution, which limits a federal court's jurisdiction to live cases or controversies."

*Target Training Int'l, Ltd. v. Extended Disc N. Am.*, 645 F. App'x 1018, 1022 (Fed. Cir. 2016).

      5.      Pursuant to 35 U.S.C. § 318(b), the Director of the United States Patent and

Trademark Office "shall issue and publish a certificate canceling any claim of [a] patent finally

determined to be unpatentable" in an *inter partes* review.  "[W]hen a claim is cancelled, the

patentee loses any cause of action based on that claim, and any pending litigation in which the

---

[1] Federal Rule of Appellate Procedure 39 provides that "if a judgment is affirmed, costs are taxed against the appellant" and "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders."  Fed. R. App. P. 39(2) & (4).  The Federal Circuit affirmed the four Final Written Decisions regarding the '290 patent, and one of the Final Written Decisions regarding the '314 patent and dismissed the appeals related to the other petitions as moot in light of the affirmance.  When the Mandates issued regarding the respective appeals, the Federal Circuit did not award costs in any appeal.  *See* Declaration of Daniel Weinberg ("Weinberg Decl."), Exs. 1-2.

claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013); *see also Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C06-2252SBA, 2007 WL 627920, at *2 (N.D. Cal. Feb. 26, 2007) ("There is little doubt that should the PTO find the '783 patent invalid, this action will be rendered moot.") (citing 35 U.S.C. § 307(a) (which mirrors the requirements of 35 U.S.C. § 318(b))); *Wilden Pump & Eng. Co. v. Ingersoll-Rand Co.*, No. CV 99-8704-FMC, 2000 WL 1741530, at *1-2 (C.D. Cal. June 27, 2000) (explaining plaintiff's complaint would be rendered moot upon a determination that the asserted patent is not valid).

6.      In its infringement contentions, B.E. accused Google of infringing claims 11, 12, 13, 15, 18, and 20 of the '314 patent and claims 2-3 of the '290 patent.  ECF No. 74-2 at 2. Claims 11-22 of the '314 patent and claims 1-3 of the '290 patent have been determined to be unpatentable and, by operation of law, are cancelled.  35 U.S.C. § 318(b).  The remaining claims of the '314 patent were not asserted and remain outside this Court's jurisdiction and there are no surviving claims of the '290 patent.  *See Joao Control & Monitoring Systems, LLC v. Telular Corp.*, No. 14 C 9852, 2017 WL 1151052, at *3-6 (N.D. Ill. Mar. 28, 2017) (citing *Streck Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269 (Fed. Cir. 2012)) (holding the court lacked jurisdiction to make a ruling on unasserted claims); *Big Baboon Inc. v. Dell, Inc.*, CV 09-01198-SVW (C.D. Cal. Mar. 29, 2017) (Weinberg Decl., Ex. 3) (dismissing an action after reexamination of the patents-in-suit and specifically not ruling on unasserted claims, noting that the plaintiff was free to pursue the unasserted claim that survived reexamination in a different action).

7.      Because the asserted claims of the '314 and '290 patents are cancelled, there is no live controversy between the parties.  Because there is no live controversy, the case should be dismissed as moot.

8.      Google cites a series of cases that do not support its argument for dismissal with prejudice.  ECF No. 74-1 at 3-4.  For instance, Google cites *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:06-cv- 1105, 2015 WL 1470710, *9 (M.D. Pa. Mar. 31, 2015), but there, the plaintiff requested a voluntary dismissal with prejudice while the defendant sought entry of summary judgment of noninfringement.  In considering the plaintiff's request, the Middle District of Pennsylvania found that pursuant to Rule 41, "it is well-established that a plaintiff's motion to dismiss with prejudice should only be denied if the defendant would suffer significant prejudice as a result[,]" and dismissed the case with prejudice because there was no "significant prejudice" to the defendant.  *Id.* at *6.  *Arlington* does not address the relevant mootness question.

9.      Google also cites *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 15-cv-173, 2016 WL 1546465 (M.D. Fla. Apr. 15, 2016) for the proposition that "[o]ther courts faced with similar circumstances have likewise dismissed claims with prejudice."  ECF No. 74-1 at 4.  However in *Peschke*, the plaintiff had moved to voluntarily dismiss its infringement claims under Rule 41(a)(2).  *Peschke*, 2016 WL 1546465 at *2.  *Peschke* similarly does not address the relevant mootness question.  Google's citation to *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318 (Fed. Cir. 2004) is also inapposite because the district court was not asked to dismiss the underlying infringement action as moot, did not consider dismissing the action as moot, and thus the Federal Circuit did not discuss or consider the jurisdictional question of mootness.  "When a court does not address the question of jurisdiction, the court's decision is not binding on the

jurisdictional issue." *Florida Power & Light Co. v. U.S.*, 307 F.3d 1364, 1371 (Fed. Cir. 2002) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 119 (1984)); *see also Webster v. Fall,* 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

10.     Google also cites *Kimberly-Clark Worldwide Inc. v. First Quality Baby Prods. LLC*, No. 14-cv-1466, 2017 WL 481434, *3 (E.D. Wis. Jan. 17, 2017), where the Eastern District of Wisconsin oddly found the case to be a "type of rare case" supporting dismissal with prejudice for lack of jurisdiction even while acknowledging that under *Fresenius*, the court lacked jurisdiction over the cancelled claims.  *Kimberly-Clark*, 2017 WL 481434 at *2.  The most unusual aspect of the decision is the district court acknowledgment that the cases on which it relied did not "actually issue[] orders of dismissals with prejudice," and the "rare case" mootness exception is not discussed.

11.     Finally, Google points to the Order of Dismissal in *Fresenius*, which indicates the district court dismissed the case with prejudice, and concludes that dismissal as moot is therefore not required.  *See* ECF No. 74-1 at 4.  But the district court was not asked to dismiss the case as moot and the parties stipulated to dismissal with prejudice.  *See Fresenius Med. Care Hldgs., Inc. v. Baxter Int'l, Inc.*, No. 4:03-cv-01431, Dkt. No. 1162 (N.D. Cal. Jan. 22, 2014) (Weinberg Decl., Ex. 4).  Whatever may be said of the procedure by which the parties agreed to dismiss the case, parties have no power to override the Constitutional limits on the Court's jurisdiction. Moreover, factual differences cannot alter the Federal Circuit's straightforward statement of the law that when a claim is cancelled, the patentee loses its cause of action based on that claim and pending district court litigation involving the claim becomes moot.  *See Fresenius*, 721 F.3d at

1340.  This conclusion is entirely consistent with the law of mootness.  *See Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013) ("If after filing a complaint the claimant loses a personal stake in the action, making it 'impossible for the court to grant any effectual relief whatever,' the case must be dismissed as moot.") (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

12.     For these reasons, B.E. respectfully requests that the Court enter an order dismissing the case as moot.

Dated: June 14, 2017                          Respectfully submitted,

                                              */s/Daniel J. Weinberg*
                                              Robert E. Freitas (CA Bar No. 80948)
                                              Daniel J. Weinberg (CA Bar No. 227159)
                                              FREITAS ANGELL & WEINBERG LLP
                                              350 Marine Parkway, Suite 200
                                              Redwood Shores, CA 94065
                                              Telephone:  (650) 593-6300
                                              Facsimile:  (650) 593-6301
                                              rfreitas@fawlaw.com
                                              dweinberg@fawlaw.com

                                              Richard M. Carter (TN B.P.R. #7285)
                                              MARTIN, TATE, MORROW & MARSTON, P.C.
                                              6410 Poplar Avenue, Suite 1000
                                              Memphis, TN 38119-4839
                                              Telephone:  (901) 522-9000
                                              Facsimile:  (901) 527-3746
                                              rcarter@martintate.com

                                              Attorneys for Plaintiff B.E. Technology, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2017, a true and correct copy of the foregoing was electronically filed with the United States District Court for the Western District of Tennessee and was served on all counsel by the Court's electronic filing notification or via email.

/s/Daniel J. Weinberg
Daniel J. Weinberg